**Zhun Zhong DENG, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 02–70706.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 13, 2003.*

Decided June 4, 2003.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BREYER, District Judge.**

### MEMORANDUM ***

Petitioner, Zhun Zhong Deng, seeks review of the denial by the Board of Immigration Appeals of his application for asylum and withholding or deferral of removal. We have jurisdiction under 8 U.S.C. § 1252(b).

Petitioner is a native and citizen of China. On January 31, 2001, he applied for admission into the United States at Los Angeles International Airport without a valid entry document. He was served by the Immigration and Naturalization Service with a Notice to Appear subjecting him to deportation under 8 U.S.C. § 1182(a)(7) for being an immigrant without a visa.

On March 30, 2001, petitioner appeared before an immigration judge who found him removable as charged. Petitioner requested and obtained permission to file an application for asylum, which he filed on April 27, 2001. Petitioner's application was premised on his claim that he is a practitioner of the Falun Gong religion and would be persecuted on this basis if he were to return to China.

On May 24, 2001, the immigration judge heard oral testimony in support of petitioner's asylum application. At the conclusion of the hearing, the judge issued an oral ruling denying petitioner's application on the grounds that he "ha[d] not been able to meet the burden of proof to show that this in fact is his religion and he has either been persecuted in the past or would be persecuted in the future based upon this religious practice."

Petitioner appealed to the Board of Immigration Appeals (the "BIA"). On March 12, 2002, the BIA issued a written opinion affirming the ruling of the immigration judge. While recognizing that "[t]he Immigration Judge did not make an explicit credibility finding," the BIA affirmed the denial of petitioner's application based on the BIA's own determination that petitioner lacked credibility.

An individual seeking asylum bears the burden of establishing a well-founded fear of persecution. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000). The individual's own, uncorroborated testimony may be sufficient for this purpose only when the testimony is credible. *See* 8 C.F.R. §§ 208.13(a), 208.16(b); *Cardoza–Fonseca v. INS,* 767 F.2d 1448, 1453 (9th Cir.1985).

Here, as the BIA acknowledged, the immigration judge did not make an explicit credibility determination. Accordingly, "the BIA violated [petitioner's] right to due process by 'implying' such a finding on review without either remanding for a legally sufficient determination or otherwise affording him notice and an opportunity to respond." *Manimbao v. Ashcroft,* 329

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

644

F.3d 655, 662 (9th Cir.2003). We therefore grant the petition, vacate the BIA's decision, and remand the matter for further proceedings. On remand, the BIA can (1) accept petitioner's testimony as credible and determine on that basis whether he is eligible for asylum, (2) remand the matter to the immigration judge for a proper credibility determination, or (3) provide petitioner with notice stating "specific, cogent reasons" that the BIA is concerned about petitioner's credibility and permit him to respond before making an adverse credibility finding. *Id.* at 660–62.

PETITION GRANTED. VACATED and REMANDED for further proceedings consistent with this disposition.